Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002287
18-SEP-2014
07:56 AM

NO. CAAP-13-0002287

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CIVIL NO. 11-1-2095

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE
CWMBS 2006-10 TRUST, MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2006-10, Plaintiff-Appellee,
v.
R. ONAGA, INC., a Hawai'i corporation, Defendant-Appellant,
and
ROBERT NISPEROS MARQUEZ; MARLYN MIRANDA MARQUEZ;
MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.,
solely as nominee for CASTLE & COOKE MORTGAGE, LLC.,
a Hawai'i corporation; DEPARTMENT OF TAXATION, STATE OF
HAWAI'I; UNITED STATES OF AMERICA, DEPARTMENT OF THE
TREASURY, INTERNAL REVENUE SERVICE, Defendants-Appellees,
and
JOHN DOES 1-20, JANE DOES 1-20, DOE CORPORATIONS 1-20,
DOE ENTITIES 1-20, and DOE GOVERNMENTAL UNITS
1-20, Defendants

CIVIL NO. 12-1-1758

R. ONAGA, INC., a Hawai'i corporation, Plaintiff-Appellant,
v.
ROBERT NISPEROS MARQUEZ; MARLYN MIRANDA MARQUEZ;
BANK OF NEW YORK MELLON, TRUSTEE;
MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC.,
DEPARTMENT OF TAXATION, STATE OF HAWAI'I;
INTERNAL REVENUE SERVICE, DEPARTMENT OF THE
TREASURY, U.S.A., Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS
1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NOS. 11-1-2095 AND 12-1-1758)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant/Plaintiff-Appellant R. Onaga, Inc. (**Onaga**) appeals from the: (1) July 5, 2013 "Judgment Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants" (**Judgment**); (2) July 5, 2013 "Order Granting Plaintiff Bank of New York Mellon as Trustee's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure"; and (3) July 3, 2013 "Order Denying Defendant R. Onaga, Inc.'s Cross Motion for Summary Judgment and for Interlocutory Decree of Foreclosure," all filed in the Circuit Court of First Circuit[1] (**circuit court**).

The Judgment was entered in favor of Plaintiff/Defendant-Appellee the Bank of New York Mellon fka the Bank of New York (**Bank**) and against Defendant-Appellant Onaga, and Defendants-Appellees Robert Nisperos Marquez and Marlyn Miranda Marquez, Mortgage Electronic Registration Systems, Inc., Castle & Cooke Mortgage, LLC, the State of Hawai'i Department of Taxation, and the United States Department of Treasury Internal Revenue Service.

Onaga contends the circuit court erred by:

(1) granting the Bank's motion for summary judgment (**Bank's MSJ**) based exclusively on a declaration of indebtedness by an employee of the Bank's servicing agent, Residential Credit Solutions, Inc., and exhibits attached to the declaration;

(2) concluding it had jurisdiction in the Bank's judicial mortgage foreclosure action based on its clearly erroneous finding that the Bank was the holder of "the Note and Mortgage by the Assignment of Mortgage filed in Land Court on March 31, 2011[;]"

---

[1]     The Honorable Edwin C. Nacino presided.

(3) concluding the Bank's mortgage was a valid first mortgage on a residential property located at 95-1112 Kelakela Street, Mililani, Hawai'i by finding that the Bank's assignment of mortgage was filed and registered in the Office of the Assistant Registrar of the Land Court on March 31, 2011; and

(4) denying its cross-motion for summary judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that the circuit court erred in granting summary judgment in favor of the Bank. Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56(e) (2000) imposes the following requirements for affidavits submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

The Bank submitted the affidavit of Melissa Black (**Black**), in the form of a "Declaration of Indebtedness," and exhibits attached thereto, in support of the Bank's MSJ. We conclude that Black's affidavit and the attached exhibits did not comply with the requirements of HRCP Rule 56(e). See HRCP Rule 56(e); see also GE Capital Hawaii, Inc. v. Yonenaka, 96 Hawai'i 32, 39-40, 25 P.3d 807, 814-815 (App. 2001), overruled on other grounds by Price v. AIG Hawai'i Ins. Co. Inc., 107 Hawai'i 106, 111-12, 111 P.3d 1, 6-7 (2005); Hawaii Community Federal Credit Union v. Keka, 94 Hawai'i 213, 221-23, 11 P.3d 1, 9-11 (2000). As a result, the Bank failed to present sufficient admissible evidence to support its motion for summary judgment, and the circuit court erred in granting summary judgment in favor of the Bank.

Because we conclude that the circuit court erred in granting summary judgment in favor of the Bank, we need not address Onaga's second and third points of error because they

3

arise out of the circuit court's grant of summary judgment. With respect to Onaga's fourth point, we conclude that the circuit court did not err in denying Onaga's cross-motion for summary judgment because there are genuine issues as to material facts. See HRCP Rule 56(c) (2000).

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's July 3, 2013 "Order Denying Defendant R. Onaga, Inc.'s Cross Motion for Summary Judgment and for Interlocutory Decree of Foreclosure" is affirmed. The July 5, 2013 "Judgment Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants" and the July 5, 2013 "Order Granting Plaintiff the Bank of New York Mellon as Trustee's Motion for Summary Judgment for Foreclosure Against All Defendants and for Interlocutory Decree of Foreclosure," are vacated and this case is remanded to the circuit court for further proceedings consistent with this order.

DATED: Honolulu, Hawai'i, September 18, 2014.

On the briefs:

Lloyd Asato
for Defendant/Plaintiff-
Appellant.

Peter Stone
for Plaintiff/Defendant-
Appellee.

Chief Judge

Associate Judge

Associate Judge

4